ANDREW J. PERRY, RESPONDENT, *v.* THE ROUND LAKE CAMP MEETING ASSOCIATION, APPELLANT.

*Order of County Court—when it is not appealable to the General Term—Corporation—of what county it is deemed a resident.*

No appeal lies to the General Term from an order of the County Court denying a motion for a new trial, made in an action originally commenced in a justice's court. The appeal should be taken from the judgment entered in the County Court.

The defendant was created a corporation by chapter 617 of 1868, its property and place of business being situated in the county of Saratoga; its shareholders and trustees reside in different counties of the State. Its business has been transacted in Saratoga county, except that its-trustees have met in the counties of Albany and Rensselaer. In an action commenced against it by the plaintiff in the Albany justice's court, a long summons was served upon its secretary, who resided in Albany county.

*Held*, that the defendant was a resident of Saratoga county, and that, being a non-resident of Albany county, the justice's court acquired no jurisdiction over it by the service of the summons.

APPEAL from a judgment of the County Court of Albany county, in favor of the plaintiff, entered upon the verdict of a jury, in an action originally commenced in the Albany justice's court. ...

The defendant is a corporation, incorporated under chapter 617 of the Laws of 1868. Its property and place of business are situated in the county of Saratoga. Its shareholders and officers reside in different counties in this · State. Its business has been entirely ·transacted in Saratoga county, except that its trustees have met in the counties of Albany and Rensselaer. The plaintiff was an employee of the defendant on its grounds in Saratoga county.

The action is upon contract. It was commenced by a long summons issued by a justice of the peace of the county of Albany, and served upon the defendant's secretary, a resident of Albany county. Before joining issue in the justice's court, the defendant objected to the jurisdiction of the justice, on the ground that it was a non-resident of that county, and could not be sued by a summons. Various objections to the jurisdiction were taken, but were overruled. The plaintiff recovered a judgment. The defendant appealed to the County Court, and moved that the action be dismissed on the ground that the justice's court had not acquired jurisdiction of the defendant, which was denied. The action was then retried before a jury, which resulted in a verdict for the plaintiff. The defendant moved for a new trial upon the minutes in the County Court, which was denied. Judgment was entered, from which the defendant appealed; but he did not appeal from the order denying the motion for a new trial.

Isaac *Lawson* and *Warren S. Kelly*, for the appellant.

J. H. Clute, for the respondent.

FOLLETT, J.:

The Court of Appeals has held that an order of the County Court made in an action brought in a justice's court, is not appealable to the General Term of the Supreme Court. (*Andrews* v. *Long*, 9 N. Y. W. Dig., 513.)

An appeal from the order denying the motion for a new trial would have been unavailing. An appeal from the judgment is proper, and brings up for review the judgment roll, and the case and exceptions. (*Fish* v. *Thrasher*, 10 N. Y. W. Dig., 93; *S. C.* 21 Hun, 15; Code Civ. Pro., § 1340.) The motion to dismiss the appeal is denied.

The property of the defendant, its sole place of business, and general office being in the county of Saratoga, it is a resident of that county, and a non-resident of Albany county. (*Conroe* v. *National Protection Ins. Co.*, 10 How., 403; *Hubbard* v. *National Protection Ins. Co.*, 11 Id., 149; *Miner* v. *Village of Fredonia*,

27 N. Y., 160; Angell and Ames on Cor., 9 ed., § 107; Dicey on Domicil, 110, Rule 12; Lindley on Partnership and Companies, 3 ed., Appendix No. 1, 1516.)

The domicil of a corporation is entirely distinct from the personal domicil of its shareholders or officers. (Dicey on Domicil, 110; Angell and Ames on Corporations, 9 ed., § 107; *Attorney. General* v. *Alexander*, L. R., 10 Exch., 20; *Limerick, &c. R. R. Co.* v. *Fraser*, 4 Bing., 394; *Kilkenny, &c. R. R. Co.* v. *Feilden*, 6 Exch., 81.)

The defendant, being a non-resident of Albany county, the court acquired no jurisdiction by the service of a long summons on its secretary in that county. (Cowen Treatise, 5 ed., § 795; L. 1831, ch. 300, § 33.)

The process issued by a justice of the peace against a corporation, may be served on its presiding officer, secretary, cashier, treasurer, director or trustee. (L. 1847, ch. 470, § 45.) If, as held by the County Court, a corporation becomes a resident of the county where its secretary resides, it would become a resident of every county in which any of its officers happen to reside. This is not the law.

, The defendant is authorized to hold camp meetings within the bounds of the Troy conference; and the jurisdiction of the justice is sought to be sustained on the ground that the county of Albany is within the Troy conference.

. The jurisdiction of justices' courts is not regulated by the limits of conferences, nor are the domicils of corporations. Had the statute authorized the defendant to hold camp meetings in any county in this State, and having fixed its domicil in Saratoga county, and never having owned property, or had a place of business in any other county, it would not become a resident of every county in this State in which one of its officers happen to reside. We think this action cannot be maintained on the merits, and that the verdict ought to have been set aside as against the evidence.

The plaintiff commenced work for the defendant in August, 1875, and continued until about the middle of March, 1878, when he was discharged. During this time he signed thirty-two receipts, of which the following is a copy:

"Received from the Round Lake Camp Meeting Association, by

the hand of J. D. Rogers, Superintendent, the sums set opposite our respective names in full, for services as above specified."

Seventeen of these receipts specified the kind of service rendered, the number of days of service performed, the price per day, and the total amount earned during the month. Fifteen of these receipts specified the kind of service rendered, the number of *hours* of service performed, the price per *hour*, and the total amount earned during the month. The plaintiff testifies that during his service, he made almost daily memorandums of the amount of his over-work. Notwithstanding this, he made no claim for it when he signed these various receipts, or at the time of his discharge; and not until six months after his discharge. He produced, on the trial, a statement made up from this memorandum book, but not the book; he forgot it, or could not find it.

In the face of the plaintiff's conduct for nearly three years, and these thirty-two receipts, this is incredible.

Had the plaintiff understood that he was entitled to pay for work done outside of the usual ten hours' labor we think he would not have signed these fifteen receipts specifying the number of hours' service rendered, with the further statement that it was in full, without some suggestion that more was his due.

The plaintiff testified that in June, 1875, the defendant's superintendent told him he was going to make his pay $1.50 per day; should pay no more, and make no allowance for over-time; and that he went on and worked under that agreement.

By continuing in service after this express statement of the terms upon which he was employed, he is not entitled to recover for overtime.

The judgment of the County Court is reversed, with costs.

BOCKES, J., concurred.

LEARNED, P. J.:

I concur in the result, but as the justice's court had no jurisdiction, I think the merits are not before us.

Judgment reversed, with costs.